**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JITENDER SINGH, | No.   15-73589 |
| Petitioner, | Agency No. A201-295-156 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2018
San Francisco, California

Before:  TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,** District
Judge.

Jitender Singh petitions for review of the Board of Immigration Appeals'

("BIA") order affirming an Immigration Judge's ("IJ") denial of his application for

asylum, withholding of removal, and protection under the Convention Against

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Robert N. Chatigny, United States District Judge for
the District of Connecticut, sitting by designation.

1

Torture ("CAT").[1]  Because the BIA's adverse credibility determination was not supported by substantial evidence, we grant the petition and remand for further proceedings.

The adverse credibility determination rested primarily on three perceived conflicts between petitioner's oral and written testimony, but petitioner was not asked to reconcile two of those inconsistencies.  Specifically, petitioner was not given an opportunity to explain the discrepancies regarding (1) when the threats on his grandfather began, and (2) whether he reported the first assault to the police.  "[A]n IJ cannot base an adverse credibility determination on a contradiction that the alien could reconcile if given a chance to do so."  *Rizk*, 629 F.3d at 1088; *see also Lai v. Holder*, 773 F.3d 966, 974 (9th Cir. 2014) ("Where an asylum applicant is denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony, the IJ's doubt about the veracity of her story cannot serve as a basis for the denial of asylum." (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005))).

In addition, the IJ and BIA failed to consider hospital records from India, which, if credited, show that petitioner was admitted on the dates of the alleged assaults.  "Because an adverse credibility determination under the REAL ID Act

---

[1]  Because petitioner's opening brief does not raise or argue his CAT claim, that claim is waived and we do not address it.  *See* Fed. R. App. P. 28(a)(8)(A); *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

must be based on the 'totality of the circumstances,' the IJ also should consider and address, as necessary or otherwise appropriate, relevant evidence that tends to contravene a conclusion that a given factor undermines credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (citing *Hanaj v. Gonzales*, 446 F.3d 694, 700 (7th Cir. 2006)). The hospital records undermine the adverse credibility determination by partly corroborating petitioner's narrative, and the IJ and BIA were not permitted to ignore them. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091-92 (9th Cir. 2014).

We remand on an open record to allow the BIA to evaluate petitioner's credibility based on "the totality of the circumstances," including the hospital records and any explanations offered for the inconsistencies discussed above. 8 U.S.C. § 1158(b)(1)(B)(iii). "Because the BIA has not evaluated [petitioner's] eligibility for asylum or withholding of removal independently from its adverse credibility finding, we also remand to give the agency an opportunity to make those determinations in the first instance." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; CASE REMANDED IN PART.**